EVANDER, J.
The State filed a petition alleging that M.W.H. had committed the delinquent act of possession of cocaine. After the denial of his motion to suppress, M.W.H. entered a nolo contendere plea, reserving his right to appeal. The trial court withheld adjudication of delinquency, but placed M.W.H. on probation. We affirm the order of disposition.
The evidence, as found by the trial court, established that M.W.H. and his friend, a Mr. Rodriguez, were in a pawn shop. Law enforcement officers were dispatched to the pawn shop to arrest Rodriguez on an out-of-state warrant. Rodriguez and M.W.H. were still in the pawn shop when the officers arrived. Officer Murphy arrested Rodriguez and searched him. During the search, the officer found cannabis on Rodriguez. While escorting Rodriguez to his patrol car, the officer was approached by a pawn shop employee.
The pawn shop employee advised the officer that he had observed M.W.H. go to a secluded place in the shop, remove an item from his wallet, and place that item *1024 under a shelf. Officer Murphy then advised M.W.H. of this information and asked him “what’s up?” M.W.H. initially denied any knowledge of hiding an item in the store. Officer Murphy then advised M.W.H. that there was video camera surveillance in the shop. M.W.H. immediately became cooperative and took the officer to the shelf where he had hidden a bag of cocaine. M.W.H. also admitted that he was the owner of the cocaine.
On appeal, M.W.H. raises two issues. First, M.W.H. contends the officer did not have reasonable suspicion to initially detain him. We reject this argument. In Golphin v. State, 945 So.2d 1174 (Fla.2006), petition for cert. filed, 75 U.S.L.W. 3512 (U.S. Mar. 09, 2007) (NO. 06-1251), the Florida Supreme Court recognized that there are three levels of police-citizen encounters. The first level is defined as “consensual encounters,” which involve minima.! police contact and do not invoke constitutional safeguards. During a consensual encounter, a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them. The second level of police-citizen encounters is referred to as “investigatory stops.” An officer may conduct an investigatory stop and detain a citizen temporarily if the officer has reasonable suspicion that the person has committed, is committing, or is about to commit a crime. The third level of police-citizen encounters is an arrest. An arrest must be supported by probable cause that a crime has been or is being committed. Id. at 1180.
In the present case, the totality of the circumstances would support a finding that the initial contact between the officer and M.W.H. was a consensual encounter. There was substantial competent evidence which would support a finding that M.W.H. was free to ignore the officer’s request to discuss his actions in the pawn shop.
Even if we were to accept MW.H.’s argument that the officer’s initial contact with M.W.H. constituted an investigatory stop, the result would be the same. The information provided by the pawn shop employee gave Officer Murphy reasonable suspicion that M.W.H. was engaged in criminal activity. State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), rev. denied, 626 So.2d 205 (Fla.1993).
M.W.H. next contends that Officer Murphy was required to advise M.W.H. of his Miranda[1] rights prior to any questioning. We also reject this argument. Miranda warnings are only required during a custodial interrogation. State v. Scott, 786 So.2d 606 (Fla. 5th DCA), rev. denied, 805 So.2d 809 (Fla.2001). Custody, for purposes of Miranda, encompasses not only formal arrest, but any restraint on freedom of movement to the degree associated with formal arrest. Arbelaez v. State, 626 So.2d 169, 175 (Fla.1993), cert. denied, 511 U.S. 1115, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994). A police officer’s questioning of a suspect does not, by itself, convert an otherwise consensual encounter into a custodial interrogation. Scott, 786 So.2d at 610. Here, Officer Murphy approached M.W.H. in public, advised him of the information received from the pawn shop employee, and asked him “what’s up?” This encounter between M.W.H. and the officer clearly was not the functional equivalent of a formal arrest.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).